**HENNIGAN, BENNETT & DORMAN LLP**
**BRUCE BENNETT (State Bar No. 105430)**
bennettb@hbdlawyers.com
**MONIKA WIENER (State Bar No. 211467)**
wienerm@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

Attorneys for Defendant Rassol, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Case No. 2:08-bk-32333-BR |
| Debtor. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, WALL STREET MART LP, a California Limited Partnership, BESHMADA, LLC, a California limited liability company | Adv. Pro. No. 2:09-ap 03525-BR |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR AN ORDER (1) DISMISSING CLAIMS OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, AND BESHMADA, LLC; AND (2) DISMISSING PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF** |
| vs. | |
| RASSOL, LLC, a Delaware limited liability company, | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | <u>Hearing</u><br>Date: March 17, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple<br>Los Angeles, CA  90012 |

-1-

HBDDOCS\777954.1

PLEASE TAKE NOTICE THAT Defendant Rassol, LLC ("Rassol") hereby moves this Court (the "Motion") for the entry of an order: (1) dismissing all claims asserted against Rassol by plaintiffs Bradley D. Sharp (the "Namco Trustee"), in his capacity as Chapter 11 Trustee of Namco Capital Group, Inc.("Namco"), R. Todd Neilson (the "Namvar Trustee"), in his capacity as Chapter 11 Trustee for the estate of Ezri Namvar ("Namvar"), and Beshmada, LLC ("Beshmada") set forth in the adversary complaint dated December 23, 2009 (the "Complaint") filed by the aforementioned parties together with Wall Street Mart, L.P. ("Wall Street," and together with the Namco Trustee, the Namvar Trustee, and Beshmada, "Plaintiffs"); and (2) dismissing Plaintiffs' Sixth and Seventh Claims For Relief in their entirety.

PLEASE TAKE FURTHER NOTICE THAT the Honorable Barry Russell of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") will hold a hearing on this Motion on March 17, 2010 (the "Hearing Date") at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 1668 located at 255 East Temple Street, Los Angeles, CA 90012.

PLEASE TAKE FURTHER NOTICE THAT any opposition, joinder, or response to this Motion must be in the form required by Local Bankruptcy Rule 9013-1(f) and filed with the Bankruptcy Court and served upon counsel for Rassol, the United States Trustee, and all other interested parties no later than 14 days before the Hearing Date.  Papers not timely filed and served may be deemed by the Court to be consent to the granting of the Motion.

In support of this Motion, Rassol states as follows.

By the Complaint, Plaintiffs seek, *inter alia*, to avoid an alleged fraudulent and/or preferential transfer of 80% of the membership interests (the "Collateral") held by Chapter 11 debtor Wall Street in four non-debtor limited liability companies (the "LLCs"), each of which in turn holds valuable real property interests. Compl. ¶ 1. Importantly, the Complaint does not allege that Namco, Namvar, or Beshmada held any direct interest in the Collateral as of the date of the alleged transfer; it alleges that they held (and continue to hold) only equity interests in Wall Street.  Thus, Wall Street is the *only* Plaintiff that held a direct interest in the Collateral, and therefore the only party with standing to seek avoidance of Wall Street's pledge of the Collateral to Rassol (the "Rassol Pledge").

-2-

HBDDOCS\777954.1

1  Accordingly the claims asserted against Rassol by the Namco Trustee, the Namvar Trustee, and
2  Beshmada should be dismissed.
3      In addition, Plaintiffs' Sixth Claim For Relief—which seeks avoidance and recovery of the
4  Rassol Pledge as a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550—is fatally deficient as
5  to all Plaintiffs because the Complaint plainly alleges that the Rassol Pledge occurred on August 22,
6  2008, a date that falls outside of the one-year reachback period for transfers to insiders under 11
7  U.S.C. § 547(b)(4) in the Wall Street Chapter 11 case. It is insufficient for Plaintiffs to allege, as
8  they have, that the Rassol Pledge occurred within a year of the Namvar petition date, because
9  Namco had no direct interest in the property that was pledged. For this reason, the Sixth Claim For
10 Relief should be dismissed in its entirety.
11     Similarly, Plaintiffs' Seventh Claim For Relief, which is an objection to Rassol's proof of
12 claim filed in the Namco bankruptcy case based upon 11 U.S.C. § 502(d), fails to state a claim upon
13 which relief can be granted because Section 502(d) applies, if at all, only to Rassol's claim in the
14 Wall Street case.

16 DATED: February 19, 2010                HENNIGAN, BENNETT & DORMAN LLP
                                          Bruce Bennett
17                                        Monika Wiener

                                          By:    /s/ Monika Wiener
19                                               Monika Wiener

                                          Attorneys for Defendant Rassol, LLC

-3-

HBDDOCS\777954.1

# **MEMORANDUM OF POINTS AND AUTHORITIES**

By this Motion, Rassol requests that this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable by Fed. R. Bankr. P. 7012: (1) dismissing for failure to state a claim upon which relief can be granted all claims asserted against Rassol by the Namco Trustee, the Namvar Trustee and Beshmada; and (2) dismissing Plaintiffs' Sixth and Seventh Claims For Relief in their entirety for failure to state a claim upon which relief can be granted.

## I. THE NAMCO TRUSTEE, THE NAMVAR TRUSTEE, AND BESHMADA LACK STANDING

The Complaint lacks any factual allegations that would give rise to standing for the Namco Trustee, the Namvar Trustee, or Beshmada to bring avoidance claims against Rassol, because they lack any direct interest in the property that was transferred. The Complaint alleges that:

> 6. On the date of the Rassol Transfer, Namco was a creditor of Wall Street, and was owed approximately $12,634,203.52 by Wall Street.
>
> . . . .
>
> 8. On the date of the Rassol Transfer, the limited partnership agreement of Wall Street reflects that Beshmada owned 49% of the membership interests in Wall Street.
>
> 9. On the date of the Rassol Transfer, the limited partnership agreement of Wall Street reflects that the Namvar Family Trust (the "Namvar Trust") owned 49% of the membership interests in Wall Street.
>
> 10. The Namvar Trustee revoked the Namvar Trust following the Namvar Petition Date (defined below) and as a result, all assets of the Namvar Trust, including the 49% membership interest in Wall Street, became assets of the Namvar bankruptcy estate.

Compl. ¶¶ 6-10. The Complaint does not allege that Namco, Namvar or Beshmada had any direct ownership interest in the LLC membership interests that were pledged to Rassol. Rather, it is Wall Street, and Wall Street alone, that has ownership of such interests, and any avoidance actions with respect to a transfer of those interests therefore accrue exclusively to the benefit of the Wall Street estate.

It is well established that "a bankruptcy trustee is vested with the exclusive power to raise legal claims on behalf of the estate." *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006); *see also Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 880 (B.A.P. 9th Cir. 2007) (noting that "the Code confers standing

only on the trustee, on behalf of creditors, to bring a claim for avoidance of preferential or fraudulent transfers"). As noted above, all of the claims asserted by Plaintiffs in this action are brought on behalf of the bankruptcy estate of Wall Street—the only party that could directly benefit by avoidance and recovery of the Rassol Pledge—and not the Namco estate, which can benefit only indirectly if its claims against Wall Street are allowed, or the Namvar, or Beshmada estates, which cannot benefit at all.[1] As such, the Namco Trustee, the Namvar Trustee, and Beshmada lack standing to pursue avoidance claims against Rassol under Sections 544, 547, 548, and 550 of the Bankruptcy Code or applicable state law.[2]

## II.  PLAINTIFFS' SIXTH CLAIM FOR RELIEF SHOULD BE DISMISSED

Plaintiffs' Sixth Claim For Relief purports to state a claim against Rassol for avoidance and recovery of the Rassol Pledge as a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550. In order to state a claim under Section 547, Plaintiffs must allege that the purported preferential transfer of an interest of the debtor (*i.e.*, Wall Street) in property was made either within 90 days of the Wall Street petition date, or, for insiders, "between ninety days and one year before the date of the filing of the petition." 11 U.S.C. § 547(b); *see also* Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 9(f), which provides that "an allegation of time or place is material in testing the sufficiency of a pleading").

The Complaint plainly alleges that the Rassol Pledge was made "on or about August 22, 2008," a date that does not fall within one year of the date on which the Complaint alleges that *Wall Street's* Chapter 11 petition was filed—November 20, 2009. Compl. ¶¶ 1, 18. To get around this problem, the plaintiffs allege instead that "[t]he Wall Street Pledge, to the extent valid, was made

---

[1] In contrast to Namco, the Complaint does not allege any specific debt obligations of Wall Street with respect to Namvar or Beshmada. Instead, Plaintiffs set forth in their First, Second, Third, and Fourth Claims for Relief—without any supporting factual allegations in the body of the Complaint—the bare legal conclusion that Namvar and Beshmada (along with Namco) were creditors of Wall Street "holding unsecured claims with [sic] the meaning of §§ 502 and 544(b) of the Bankruptcy Code." Compl. ¶¶ 58, 63, 68, 72. To the extent that the Court allows the Namvar Trustee and Beshmada to remain as plaintiffs in this action, Rassol moves pursuant to Fed. R. Civ. P. 12(e), as made applicable by Fed. R. Bankr. P. 7012, for a more definite statement regarding the nature and amount of the purported unsecured debt obligations of Wall Street to Namvar and Beshmada.

[2] Plaintiffs' Seventh Claim For Relief

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

within one year of the Namvar Petition Date." Compl. ¶ 85. Regardless of the truth of this allegation, it falls short in terms of alleging a colorable claim against Rassol under Section 547(b). As noted above, the membership interests that were pledged to Rassol belonged to Wall Street—not Namvar or Namco—and thus the applicable benchmark for determining when the preference period began to run is November 20, 2009, the date that Wall Street Mart filed its petition. Plaintiffs' Sixth Claim For Relief therefore fails to state a claim on which relief can be granted and should be dismissed in its entirety.

## III. PLAINTIFFS' SEVENTH CLAIM FOR RELIEF ALSO FAILS

Plaintiffs' Seventh Claim For Relief seeks disallowance of Rassol's claim of $18,525,000 against the Namco bankruptcy estate based upon Section 502(d). Once again, however, the Namco Trustee lacks standing to seek avoidance of the Rassol Pledge, and thus Wall Street's potential avoidance claims against Rassol should have no bearing on the allowance of Rassol's claim against Namco, a wholly separate entity.

## IV. CONCLUSION

WHEREFORE, Rassol respectfully requests that this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012: (1) dismissing for failure to state a claim upon which relief can be granted all claims asserted against Rassol by the Namco Trustee, the Namvar Trustee, and Beshmada; and (2) dismissing Plaintiffs' Sixth and Seventh Claims For Relief in their entirety for failure to state a claim upon which relief can be granted.

DATED:  February 19, 2010              HENNIGAN, BENNETT & DORMAN LLP
                                        Bruce Bennett
                                        Monika Wiener


                                        By:      /s/ Monika Wiener
                                                 Monika Wiener

                                        Attorneys for Defendant Rassol, LLC

HBDDOCS\777954.1

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017

A true and correct copy of the foregoing document described <u>Notice of Motion and Motion for an Order (1) Dismissing Claims of Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee of Ezri Namvar, and Beshmada, LLC; and (2) Dismissing Plaintiffs' Sixth and Seventh Claims for Relief; Memorandum of Points and Authorities</u> was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 19, 2010</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    **SEE ATTACHED SERVICE LIST**

☒    Service information continued on attached page

**II. TO BE SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On <u>February 19, 2010</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Served via Fedex:**
Hon. Barry Russell's Chambers
U.S. Bankruptcy Court
255 East Temple Street, Suite 1660
Los Angeles, CA 90012

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 19, 2010 | Kevin Floyd | */s/ Kevin Floyd* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-1-

**SERVICE LIST**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Alicia Clough    alicia.clough@kayescholer.com
- Richard K Diamond    rdiamond@dgdk.com
- Ronald L Leibow    rleibow@kayescholer.com
- David W. Meadows    david@davidwmeadowslaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- David M Poitras    dpoitras@jmbm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Monika S Wiener    wienerm@hbdlawyers.com