DAVID M. POITRAS P.C. (State Bar No. 141309)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080/Facsimile: (310) 203-0567

Counsel for Bradley D. Sharp, Plaintiff and Chapter 11 Trustee
for Namco Capital Group, Inc.

RICHARD K. DIAMOND (State Bar No. 70634)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077/Facsimile: (310) 277-5735

Counsel for R. Todd Neilson, Plaintiff and
Chapter 11 Trustee for Ezri Namvar

ARAM ORDUBEGIAN (State Bar No. 185142)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: (213) 629-7400/Facsimile: (213) 629-7401

Counsel for Wall Street Mart, LP, Plaintiff and
Debtor and Debtor in Possession

DAVID W. MEADOWS (State Bar No. 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1250
Los Angeles, California 90067
Telephone: (310) 557-8490/Facsimile: (310) 557-8493

Counsel for Beshmada, LLC, Plaintiff and
Alleged Debtor in Involuntary Chapter 7 Case

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Case No.    2:08-bk-32333-BR |
| Debtor. | |

- 1 -

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, WALL STREET MART LP, a California limited partnership, BESHMADA, LLC, a California limited liability company,

           Plaintiffs,

vs.

RASSOL, LLC, a Delaware limited liability company,

           Defendant.

Adv. Pro. No. 2:09-ap-03525-BR

**JOINT OPPOSITION OF PLAINTIFFS TO DEFENDANT'S MOTION FOR AN ORDER (1) DISMISSING CLAIMS OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, AND BESHMADA, LLC; AND (2) DISMISSING PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF**

**Hearing:**

Date: March 17, 2010
Time: 10:00 a.m.
Place: Courtroom "1668"
       255 East Temple Street
       Los Angeles, California 90012

## INTRODUCTION

Plaintiffs, Bradley D. Sharp, the duly qualified and acting chapter 11 trustee ("Namco Trustee") of Namco Capital Group, Inc., a California corporation ("Namco"), R. Todd Neilson, the duly qualified and acting chapter 11 trustee ("Namvar Trustee") of Ezri Namvar ("Namvar"), Wall Street Mart LP, a California limited partnership ("Wall Street"), and Beshmada, LLC, a California limited liability company ("Beshmada")(the Namco Trustee, the Namvar Trustee, Wall Street and Beshmada are referred to hereinafter in this complaint (the "Complaint") collectively as the "Plaintiffs"), by and through their undersigned counsel, hereby submit their joint opposition ("Opposition") to Defendant Rassol, LLC's ("Defendant" or "Rassol") *Notice of Motion and Motion for an Order (1) Dismissing Claims of Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee of Ezri Namvar, and Beshmada, LLC;*

*and Dismissing Plaintiffs' Sixth and Seventh Claims for Relief* (the "Motion").[1]  For the reasons set forth below, the Motion should be denied.

## SUMMARY OF MOTION AND OPPOSITION

**A.    The "Standing" Issue.**  By the Motion, Rassol asserts that the Namco Trustee, the Namvar Trustee and Beshmada have no standing to prosecute the claims asserted in the Complaint because neither of these plaintiffs "[h]ad any direct ownership interest in the LLC membership interests that were pledged to Rassol."  Motion at page 4 lines 20-21.  The Motion then concludes, incorrectly, that the only plaintiff that has standing to prosecute the Complaint is Wall Street, as that entity has the "exclusive" power to prosecute the Complaint as the debtor in possession in the Wall Street bankruptcy case.  As set forth below, the premise of the Motion is factually inaccurate and misleading in that it ignores the fact that each of the Plaintiffs (not just Wall Street) is a debtor or bankruptcy trustee in its own bankruptcy case.  In other words, the Namco Trustee has the exclusive right to prosecute claims of the Namco bankruptcy estate against Rassol in the Namco bankruptcy case, which it has done by way of the Complaint; the Namvar Trustee has the exclusive right to prosecute claims of the Namvar bankruptcy estate against Rassol in the Namvar bankruptcy case, which it has done by way of the Complaint; and Beshmada has the exclusive right to prosecute claims of the Beshmada bankruptcy estate in the Beshmada bankruptcy case, which it has done by way of the Complaint.[2]  Accordingly, each of the Plaintiffs have standing to bring the claims asserted in the Complaint and if there is any remaining question on this issue, each of the Plaintiffs stipulate to the other Plaintiffs having standing or co-standing to prosecute the claims asserted in the Complaint.  *See In re Parmetex, Inc.*, 199 F.3d 1029, 1031 (9th Cir. 1999) which holds that third parties have standing to prosecute claims such as those set forth in the Complaint with the consent of the trustee and approval of the Court.  To the extent the Court deems it necessary, which the

---

[1]    A true and complete copy of the Complaint is attached to this Opposition as Exhibit A.

[2]    The Plaintiffs filed one complaint in the Namco case to avoid duplication of efforts and unnecessary litigation costs, although they could have filed four separate complaints in their respective bankruptcy cases.  This technical distinction should not affect any determination concerning standing; otherwise, form would take precedent over the true substance of the matter.

1   Plaintiffs believe it should not as each Plaintiff already has standing as a trustee or debtor in its own
2   bankruptcy case to prosecute the claims asserted in the Complaint, the Plaintiffs request Court
3   approval for the Plaintiffs' stipulation/agreement that each have standing or co-standing to
4   prosecute the claims asserted in the Complaint.

5       **B.**    **The "Preference" Issue.**  The Sixth Claim for Relief in the Complaint is a claim by
6   the **Namvar bankruptcy estate** for the avoidance of a preferential transfer from **Namvar** to Rassol.
7   The Sixth Claim for Relief in the Complaint is **not** a claim by the **Wall Street bankruptcy estate**
8   for the avoidance of a preferential transfer from **Wall Street** to Rassol.  Accordingly, the petition
9   date to measure the preference period is the Namvar petition date (December 22, 2008) and not the
10  Wall Street petition date (November 20, 2009).  As alleged in the Complaint, the transfer at issue
11  took place in August 2008, within one year of the petition date in the Namvar bankruptcy case. As
12  further alleged with particularity in the Complaint and as the evidence will show, the principal of
13  Rassol is an insider of Namvar, which triggers the one year preference period, not the ninety day
14  preference period.  Accordingly, this Court can and should find that the Complaint, on its face,
15  adequately pleads this claim, which claim is subject to proof and not otherwise subject to dismissal
16  at this early pleading stage.

17      **C.**    **The "Proof of Claim" Issue.**  Rassol filed a proof of claim in the Namco
18  bankruptcy case on April 7, 2009 in the amount of $18,525,000 (the "Namco Claim").  A copy of
19  the Rassol Claim is attached to the Complaint as Exhibit 3.  Rassol also filed a proof of claim in the
20  Namvar bankruptcy case on April 7, 2009 in the amount of $18,525,000 (the "Namvar Claim").
21  The Seventh Claim for Relief in the Complaint is a claim by the Namco and Namvar bankruptcy
22  estates to disallow the Namco Claim and the Namvar Claim in the Namco and Namvar bankruptcy
23  cases in accordance with the express provisions of Section 502(d) of the Bankruptcy Code.  As both
24  the Namco and Namvar bankruptcy estates have direct fraudulent transfer and/or preferential
25  transfer claims against Rassol, which claims are properly asserted in the Complaint, both the Namco
26  Claim and the Namvar Claim are subject to disallowance in the Namco and Namvar bankruptcy
27  cases as Rassol has failed to return the property which is the subject of the transfers at issue, which
28  transfers are subject to avoidance pursuant to Sections 544, 547 and 548 of the Bankruptcy Code.

## POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

### A. The Applicable Legal Standard.

The issue to be determined in evaluating Rassol's Motion to Dismiss pursuant to Rule 12(b)(6) is "whether in the light most favorable to [the pleader], and with every doubt resolved in [its] behalf, the complaint states a valid claim for relief." Zatkin v. Primuth, 551 F.Supp. 39, 43 (S.D. Cal. 1982) (citing 5 Wright & Miller, *Federal Practice and Procedure*, Civil § 1357 at 601). Before such a motion may be granted, "[i]t must appear beyond doubt that [the pleader] can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).

Dismissal is proper only where a cognizable theory, or sufficient facts under any cognizable theory, are lacking. Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1981). Further, in testing the sufficiency of the Complaint, the Court must assume that all of a the allegations are true and construed in the light most favorable to the pleading party. United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981) (citations omitted). Accordingly, dismissal is proper only in the extraordinary case. Corsican Prods. v. Pitchess, 336 F.2d 441, 442 (9th Cir. 1964).

### B. The "Standing" Issue.

The Motion suggests that the issue of standing turns on whether Namco, Namvar or Beshmada had any direct ownership interest in the LLC membership interests that were pledged to Rassol. Motion at page 4 lines 20-21. This broad, sweeping and inaccurate statement is not supported by any authority. To the contrary, Sections 547 and 548 do not require that a plaintiff in a preference or fraudulent transfer action possess a "direct ownership interest [in the property at issue]," but rather, both statutes refer simply to a "transfer of an interest of the debtor in property." As set forth at paragraphs 8 and 9 of the Complaint, on the date of the transfers to Rassol, Namvar owned 49% of Wall Street and Beshmada owned 49% of Wall Street. Namvar caused Wall Street to transfer 80% of Wall Street's member interests in four non-debtor LLCs to Rassol, the effect of which transfers directly diminished the assets which would have otherwise been available to pay the creditors of Namvar and Beshmada. In other words, if the transfers had not occurred, the LLC

member interests now claimed by Rassol would still be available to the creditors of Namvar and Beshmada.

While the Bankruptcy Code does not define an "interest of the debtor in property," the United States Supreme Court has stated that a "debtor's interest in property" is akin to the broad definition of "property of the estate" provided in Section 541(a) of the Bankruptcy Code.[3] *Begier v. Internal Revenue Service,* 496 U.S. 53, 58, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990). Bankruptcy avoidance actions are intended to be available to recover property interests that would have been available for distribution to creditors generally and ratably but for the transfer.[4] *Id.* "Such property 'is best understood as that property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings.'" *Id.* at 2263 as quoted by *In re Keller,* 185 B.R. 796, 799 (BAP 9th Cir. 1995). "The focus should be not what interest the transferee received, but rather on the interest, if any, of the debtor in the property." *Keller* at 799.

Plaintiffs submit that on its face, the Complaint adequately pleads that as a direct result of the transfers to Rassol, both Namvar and Beshmada parted with an interest in property, which valuable property would have been part of their respective bankruptcy estates had the transfers not occurred. Accordingly, both the Namvar and Beshmada bankruptcy estates have their own respective claims to assert against Rassol, and as a consequence thereof, Wall Street **does not** have the exclusive right to assert such claims against Rassol.

Namco, on the other hand, is a large creditor of Wall Street. *See* ¶ 6 of the Complaint. Accordingly, Namco has its own direct claims against Rassol pursuant to Section 544(b) of the Bankruptcy Code and Sections 3439.04 and 3439.05 of the California Civil Code, and as a

---

[3] Congress amended Section 547(b) of the Bankruptcy Code in 1984 and replaced "property of the debtor" with "an interest of the debtor in property."

[4] "Transfer" as defined in Section 101(54) of the Bankruptcy Code includes "the creation of a lien" and "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property; or an interest in property." The definition of transfer "is a broad as possible." *See* S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978). It includes any transfer of an interest in property, including a transfer of possession, custody and control of interests in property. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 314 (1977).

consequence thereof, Wall Street **does not** have the exclusive right to assert such claims against Rassol. Moreover, Namvar and Beshmada assert creditor claims against Wall Street, based upon damages suffered by them as a result of the Rassol transfers, with standing to pursue their own direct claims against Rassol pursuant to Section 544(b) of the Bankruptcy Code and Sections 3439.04 and 3439.05 of the California Civil Code. Section 3439.04(a) of the California Civil Code states that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, **whether the creditor's claim arose before or after the transfer was made** or the obligation was incurred . . ." Section 3439.01(3)(c) of the California Civil Code defines creditor as "[a] person who has a claim . . . " Section 3439.01(3)(c) of the California Civil Code defines claim as "[a] right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

Based upon the foregoing, the Plaintiffs respectfully submit that under the unique facts of this case, the cases cited by Rassol, *In re Spirtos,* 443 F.3d 1172 (9th Cir. 2006) and *In re Hansen,* 368 B.R. 868 (BAP 9th Cir. 2007) simply do not apply. Even if these cases had some application, under the facts of the present case, four separate bankruptcy estates have their own "exclusive" right/standing to bring the claims asserted. Finally, under any circumstances, the Plaintiffs can and have agreed for each to have standing to prosecute the claims asserted in the Complaint. Such agreements have been expressly authorized by the Ninth Circuit Court of Appeals. *See generally In re Parmetex, Inc.,* 199 F.3d 1029, 1031 (9th Cir. 1999). To the extent necessary, the Plaintiffs request hereby Court approval for the Plaintiffs to prosecute the claims asserted in the Complaint in the manner proposed.

C. <u>The "Preference" Issue.</u>

As set forth above, the transfers to Rassol constitute the transfer of an interest in property of the Namvar debtor to Rassol. Such transfer was for the benefit of Rassol. *See* ¶ 81 of the Complaint. Such transfer was on account of an antecedent debt owing from Namvar to Rassol/Rastegar. *See* ¶ 82 of the Complaint and Namvar Claim. Such transfer was made while Namvar was insolvent. *See* ¶ 83 of the Complaint. Rassol and Rastegar are insiders of Namvar. *See* ¶s 20 and 84 of the Complaint. Such transfer was made by Namvar to Rassol within one year

-7-

of the Namvar petition date. *See* ¶ 85 of the Complaint. Such transfer, if allowed to stand, will enable Rassol to receive more than it would in a chapter 7 case had the transfer not occurred. *See* ¶ 86 of the Complaint.

Accordingly, the Complaint adequately states a claim by the Namvar bankruptcy estate under Section 547 of the Bankruptcy Code against Rassol to avoid the effect of the pledge of Namvar's interest in Wall Street to Rassol, which claim is not subject to dismissal.

### D. The "Proof of Claim" Issue.

The Plaintiffs incorporate herein the argument set forth above in this Opposition at page 4 at Section C of the *Summary of Motion and Opposition*. Moreover, at such time as Rassol may file a claim in the Wall Street and Beshmada bankruptcy cases, the Complaint will be amended as necessary to make it clear that the Seventh Claim for Relief applies to such claims and that any such claims must also be disallowed until such time as Rassol returns to the bankruptcy estates all of the avoidable transfers that it received in August 2008.

### E. If the Court is Inclined to Grant Rassol's Motion in any Way, the Plaintiffs Respectfully

### Request Leave to Amend the Complaint.

If the Court is inclined to grant Rassol's Motion, the Plaintiffs request that they be granted leave to file a First Amended Complaint to address any pleading deficiencies that the Court identifies. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990); Broudo v. Dura Pharmaceuticals, Inc., 339 F.2d 933, 940-41 (9th Cir. 2003) (leave to amend is to be liberally granted; holding District Court's denial of leave to amend securities fraud complaint was abuse of discretion where plaintiffs had even "reasonable chance" of successfully stating a claim if given another opportunity) (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1053 (9th Cir. 2003)); FRCP 15(a) (leave to amend "shall be freely given when justice so requires").

## CONCLUSION

For the reasons and based upon the authorities set forth above, the Motion must be denied. In the event that any relief is accorded to the Defendant by way of the Motion, such relief should be granted without prejudice to the Plaintiffs' rights to amend the Complaint as necessary. The Plaintiffs pray for relief in accordance with the foregoing and for such other and further relief as the Court may deem just and proper.

Respectfully submitted

Dated: March 3, 2010                JEFFER, MANGELS, BUTLER & MARMARO LLP

By:     /s/ David M. Poitras
DAVID M. POITRAS P.C.
Counsel for Plaintiff Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group, Inc.

Dated: March 3, 2010                DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:     /s/ Uzzi O. Raanan
UZZI O. RAANAN
Attorneys for Plaintiff R. Todd Neilson, Chapter 11 Trustee for Ezri Namvar

Dated: March 3, 2010                ARENT FOX LLP

By: /s/ Aram Ordubegian
Aram Ordubegian
Counsel for Plaintiff Wall Street Mart, LP, Debtor and Debtor in Possession

Date: March 3, 2010                LAW OFFICES OF DAVID W. MEADOWS

By: /s/ David W. Meadows
David W. Meadows
Counsel for Plaintiff Beshmada, LLC, Alleged Debtor

6832852v1

- 9 -