1  **HENNIGAN, BENNETT & DORMAN LLP**
   **BRUCE BENNETT (State Bar No. 105430)**
2  **bennettb@hbdlawyers.com**
   **MONIKA WIENER (State Bar No. 211467)**
3  **wienerm@hbdlawyers.com**
   **865 South Figueroa Street, Suite 2900**
4  **Los Angeles, California 90017**
   **Telephone: (213) 694-1200**
5  **Fax: (213) 694-1234**

6  Attorneys for Defendant Rassol, LLC

7

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10         **LOS ANGELES DIVISION**

| | |
|---|---|
| 11 In re | ) Chapter 11 |
| 12 NAMCO CAPITAL GROUP, INC., a California corporation, | ) Case No. 2:08-bk-32333-BR |
| 13  Debtor. | ) |
| 14 | ) |
| 15 | ) |
| 16 BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, | ) Adv. Pro. No. 2:09-ap 03525-BR |
| 17 INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, WALL | ) |
| 18 STREET MART LP, a California Limited Partnership, BESHMADA, LLC, a California | ) **REPLY TO JOINT OPPOSITION OF PLAINTIFFS TO MOTION FOR AN ORDER (1) DISMISSING CLAIMS OF** |
| 19 limited liability company | ) **BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP,** |
| 20  Plaintiffs, | ) **INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, AND** |
| 21  vs. | ) **BESHMADA, LLC; AND (2) DISMISSING PLAINTIFFS' SIXTH AND SEVENTH** |
| 22 RASSOL, LLC, a Delaware limited liability company, | ) **CLAIMS FOR RELIEF** |
| 23  Defendant. | ) |
| 24 | ) **Hearing** |
| | ) Date:    March 17, 2010 |
| 25 | ) Time:    10:00 a.m. |
| 26 | ) Place:   Courtroom 1668 |
| |    255 East Temple |
| | Los Angeles, CA  90012 |

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HBDDOCS\780532.1

1    Defendant Rassol, LLC ("Rassol") hereby submits its Reply to Plaintiffs' Joint Opposition

2    ("Opposition") to Rassol's Motion For An Order (1) Dismissing Claims Of Bradley D. Sharp,

3    Chapter 11 Trustee Of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee Of Ezri

4    Namvar, And Beshmada, LLC; And (2) Dismissing Plaintiffs' Sixth And Seventh Claims For Relief

5    ("Motion").  Capitalized terms not defined herein have the same meaning as ascribed to them in the

6    Motion.

7    By the Motion, Rassol seeks to streamline the above adversary proceeding by (1) eliminating

8    parties that have no direct standing to bring claims against Rassol; and (2) eliminating claims that

9    are facially deficient.  With respect to standing, it is telling that Plaintiffs would prefer to complicate

10    these proceedings by keeping not one, not two, but **three extra plaintiffs** (along with their

11    associated professionals) in this case when the interests of all of these parties are adequately

12    represented by Wall Street, the *only* party with standing to bring claims against Rassol based upon

13    the facts alleged in the Complaint.  As explained below, the Complaint contains no allegations that

14    would support standing for the Namco, Namvar, and Beshmada trustees to bring *their own* claims

15    against Rassol, nor is it appropriate that they be permitted to piggyback "derivatively" on Wall

16    Street's claims merely because Wall Street (which is currently controlled by the Namco Trustee) has

17    allowed them to do so.

18    As a corollary to this, Plaintiffs cannot extend the statutory reachback period for recovery of

19    preferential transfers under Section 547 of the Bankruptcy Code by purporting to assert claims on

20    behalf of Namvar instead of Wall Street where no property of Namvar was transferred to Rassol at

21    any time during the year preceding the commencement of the Namvar bankruptcy case.  Similarly,

22    the Namco and Namvar trustees may not seek disallowance of Rassol's claims against their

23    respective estates pursuant to Section 502(d) of the Bankruptcy Code when they have no standing to

24    bring the avoidance actions on which such disallowance is based.

25    **A.    Namvar and Beshmada Have No Direct Claims Against Rassol**

26    Plaintiffs insist that the Namvar and Beshmada trustees have standing to bring their own

27    "direct" avoidance claims against Rassol separate and apart from those of Wall Street because, as

28    limited partners of Wall Street, they have an "interest" in the LLC membership interests that were

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS

HBDDOCS\780532.1

1  pledged to Rassol by Wall Street.  (Opp. at 6.)  However, Namvar and Beshmada's limited

2  partnership interests in Wall Street were not pledged to Rassol; the assets that were pledged to

3  Rassol are owned by Wall Street and no one else.

4       The only basis that is alleged in the Complaint for the purported claims of Namvar and

5  Beshmada in this action is their status as *equity holders* of Wall Street.[1]  (Compl. ¶¶ 8-9.)

6  Therefore, whatever interest they may have in the pledged assets is purely indirect, and derivative of

7  *Wall Street's*  interest therein.  **But the Complaint does not allege that the *assets owned directly***

8  ***by* Namvar or Beshmada were pledged to Rassol; it alleges that "*Wall Street* pledged eighty**

9  **percent (80%) of *Wall Street's interest* in the LLCs to defendant Rassol."**  (Compl. ¶ 33)

10  (emphasis added).[2]  In other words, based on the allegations of the Complaint itself, neither Namvar

11  nor Beshmada transferred anything owned by either of them to Rassol and there is nothing for

12  Rassol to give back to Namvar or Beshmada, and no reason for them to assert claims separate and

13  apart from those of Wall Street.[3]

14       Moreover, Plaintiffs' assertion that "if the transfers had not occurred, the LLC member

15  interests now claimed by Rassol would still be available to the creditors of Namvar and Beshmada"

16  (Opp. at 6-7) is both irrelevant and misleading.  (Compl. ¶¶ 6, 53.).  It is irrelevant because the fact

---

[1]  Plaintiffs now contend—though it is utterly unclear from the Complaint—that Namvar and
Beshmada are creditors of Wall Street as well, based upon damages suffered by them as a result of
the Rassol transfers.  (Opp. at 7.)  It is clear, however, that Namvar and Beshmada would be unable
to convert their equity interests to unsecured claims in the Wall Street case, entitled to recover on
par with other unsecured creditors, merely by filing an unliquidated proof of claim.  For one thing,
any purported claims that they might assert based upon damages suffered by the entity as a whole
(*i.e.*, derivative claims) belong to the estate, and may only be asserted by the trustee.  *Estate of
Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172,
1176 (9th Cir. 2006).  In any event, as explained in Section B, below, Section 544(b) is no more
helpful to the Namvar and Beshmada trustees in this regard than it is to the Namco Trustee.

[2]  This is consistent with Plaintiffs' allegations with respect to individual elements of their fraudulent
transfer claims, which make reference solely to Wall Street (Compl. ¶¶ 57-78.)  For example,
Plaintiffs allege that "Wall Street received no consideration or value in connection with the Rassol
Transfer." (Compl. ¶¶ 51, 67, 66, 75.)

[3]  The Complaint also alleges facts relating to transfers made by certain other entities in which
Beshmada has an interest (Compl. ¶¶ 43-48.)  However, Plaintiffs do not assert any specific claims
based upon such alleged transfers at the present time.  (Compl. ¶ 49.)  Rassol reserves all rights with
respect to any such claims that Plaintiffs may assert.

HBDDOCS\780532.1

1   that an owner of a partnership interest may look forward to a distribution from the partnership does

2   not mean that property of the partnership is also property of the partners.  It is misleading due to the

3   fact that the *creditors* of Namvar and Beshmada are the *equity holders* of Wall Street by another

4   name, and it is well established that a debtor lacks standing to pursue avoidance actions that would

5   inure solely to the benefit of equity.  *See, e.g.*, *Adelphia Recovery Trust v. Bank of Am., N.A.*, 390

6   B.R. 80, 94 (S.D.N.Y. 2008) (noting consensus that "the Bankruptcy Code's avoidance provisions

7   can only be asserted to benefit a creditor of the debtor in question.")  Here, the debtor in question is

8   Wall Street, and to the extent that any proceeds from recovery of pledged assets would flow through

9   to Namvar or Beshmada (and hence, to their creditors) based on their partnership interests in Wall

10  Street, Wall Street would be barred from recovery.  This limitation would make no sense if a

11  debtor's equity holders could simply turn around and assert avoidance claims on their own behalf.

12          **B.      <u>Namco Has No Direct Claims Either</u>**

13          Plaintiffs contend that Namco, too, "has its own direct claims against Rassol."  (Opp. at 6.)

14  Namco purports to assert state law fraudulent transfer claims against Rassol pursuant to Section

15  544(b) of the Bankruptcy Code based upon Namco's alleged status as an unsecured creditor of Wall

16  Street.  *Id.*  But Section 544(b) does nothing to enlarge the rights or standing of the Namco Trustee

17  in his capacity as unsecured creditor *of Wall Street*; rather it allows him to step into the shoes of a

18  "hypothetical" unsecured creditor *of Namco.*  11 U.S.C. § 544(b)(1).  The standing of the Namco

19  Trustee, *qua* Namco Trustee, to bring claims *on behalf of Wall Street* is therefore the same as that of

20  any other unsecured creditor of Wall Street.

21          But as explained in the Motion, Wall Street is a separate chapter 11 debtor in its own right,

22  and therefore any avoidance claims against Rassol based on transfers of property owned *by Wall*

23  *Street* that were made *by Wall Street* belong to the Wall Street estate.  **It is therefore Wall Street,**

24  **<u>as debtor in possession exercising the rights and duties of a trustee pursuant to Section 1107 of</u>**

25  **<u>the Bankruptcy Code, that has the *exclusive* right to pursue these claims in the first instance</u>**.

26  Claims of individual creditors of Wall Street (such as Namco) that might exist under state law

27  outside of bankruptcy cannot be enforced following the commencement of a bankruptcy case.

28  *Estate of Spirtos*, 443 F.3d at 1176; *see also Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 880

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-4-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1   (B.A.P. 9th Cir. 2007) (noting that "the Code confers standing only on the trustee, on behalf of

2   creditors, to bring a claim for avoidance of preferential or fraudulent transfers").  As explained

3   above, Section 544(b) does nothing to exempt the Namco Trustee, *qua* unsecured creditor of Wall

4   Street, from this restriction.  The Namco Trustee therefore lacks standing to bring "direct" avoidance

5   claims against Rassol in his capacity as an alleged creditor of Wall Street and representative of the

6   Namco estate.

7       **C.    Namco Should Not Be Allowed To Assert "Derivative" Avoidance Claims On**
        **Behalf of Wall Street**

8

9       This, of course, leaves open the question of whether Namco has "derivative" standing to

10  pursue claims on behalf of the Wall Street estate jointly with Wall Street.[4]  **Plaintiffs cannot create**

11  **standing by stipulation, however.**  As Plaintiffs have noted, the Ninth Circuit has permitted such

12  an arrangement only "with the consent of the trustee ***and*** approval of the Court."  (Opp. at 3)

13  (emphasis added) (citing *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029

14  (9th Cir. 1999)); *see also PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.)*, 540 F.3d 892,

15  905 (8th Cir. 2008) ("[U]nder no circumstances may a creditor *prosecute* its derivative complaint

16  without the bankruptcy court's permission.") (emphasis in original).

17      In deciding whether to authorize derivative standing for Namco, the Court must find that a

18  derivative action by Namco is "necessary and beneficial" to the *Wall Street* estate.  *Id.* at 903.  In

19  this regard, the function of the bankruptcy court is not merely to rubber stamp the parties'

20  agreement, but to act as a litigation gatekeeper for the estate:

21          [B]ankruptcy courts should not passively view the trustee's consent as a proxy that a
            proposed derivative action is "necessary and beneficial."  If they did, bankruptcy

22          courts would be effectively ceding their gatekeeper function to the trustee. We
            therefore make plain that **a trustee's consent is a necessary, but not sufficient**

23          **condition for granting a creditor derivative standing** in this context. Regardless of
            whether a creditor seeks derivative standing because the trustee "unjustifiably"

24

25  [4] To the extent that Plaintiffs request that this Court approve "derivative" standing for the trustees of

26  Namvar or Beshmada to bring avoidance claims on behalf of the Wall Street estate, there is
    absolutely no basis for such approval.  Plaintiffs have cited no case in which *equity holders* were

27  derivatively authorized to pursue avoidance claims on behalf of a debtor in bankruptcy, nor could
    they.  As discussed in Section A, above, the trustee's avoidance powers may be exercised only on

28  behalf of creditors.

refuses to pursue its claims or consents to the creditor's complaint, the bankruptcy court has the same obligation -- to **carefully scrutinize the request and satisfy itself that derivative standing is proper under the circumstances.**

*Id.* (emphasis added; citations omitted); *see also Scott v. Nat'l Century Fin. Enter. Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557, 560-61 (4th Cir. 2005) (advocating a "narrow construction" of derivative standing in bankruptcy cases); *Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.),* 207 B.R. 899, 905 (B.A.P. 9th Cir. 1997) (citing *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827-29 (B.A.P. 9th Cir. 1986), in which the Panel had noted that judicial intervention in questions of derivative standing is "crucial").

Here, it is neither necessary nor beneficial to the administration of the Wall Street bankruptcy estate (or any of the other estates represented by Plaintiffs) to involve **four different law firms in this proceeding where one would suffice**, which is essentially what Plaintiffs are asking this Court to do. This waste should not be tolerated, particularly in light of the dire situation faced by creditors of the Namco and Namvar estates. Indeed, Plaintiffs' proposal introduces a bizarre scenario in which the same individual—the Namco Trustee—has retained two separate law firms to simultaneously represent him in the same case: (1) as trustee of Namco, purportedly Wall Street's largest unsecured creditor (Compl. ¶¶ 6, 16); and (2) as general partner of the debtor in possession in the Wall Street bankruptcy case. (Compl. ¶ 18.) Given the inherent conflict (not to mention confusion) in such an arrangement, it is clear that with respect to this proceeding, **the Namco Trustee should wear only one hat, and employ only one law firm**. He should act as general partner of Wall Street, chapter 11 debtor in possession, and in that capacity he should impartially evaluate all claims against the Wall Street estate, including those of Rassol, with the assistance of disinterested counsel retained to represent Wall Street in its chapter 11 bankruptcy proceedings.

Additionally, there is an important distinction to be made between the typical derivative standing scenario in which an individual creditor or committee *replaces* the trustee as plaintiff in bringing avoidance claims on behalf of the estate, and the scenario where the trustee seeks to *jointly prosecute* such claims with a creditor or committee, as is the case here. At least one court has found that such joint prosecution arrangements run afoul of the prudential standing requirements imposed

1   on all federal plaintiffs.  *Gecker v. Marathon Fin. Ins. Co. (In re Auto. Prof'ls, Inc.)*, 389 B.R. 630,

2   635-36 (Bankr. N.D. Ill. 2008).  In that case, the court rejected the holding in *In re Housecraft*

3   *Industries USA, Inc.*, 310 F.3d 64, 70-71 (2nd Cir. 2002), a case in which the Second Circuit

4   permitted joint prosecution of the estate's claims:

5           The court declines to follow the holding in *Housecraft* and instead concludes that **a
6           committee may obtain derivative standing only when a trustee or debtor does
            not sue on its own behalf. To conclude otherwise is to confer a type of "helper"
7           or "buddy" standing upon a party who is not asserting his own right under
            substantive law but seeks merely to assist the rightful plaintiff in pursuing his
8           case.** Granting such "buddy" standing violates the important principle of prudential
            standing that each party possess the right to the relief sought under substantive law.
9           ….

10          In this case, the Committee has no standing in its own right to assert any of the
            claims in the complaint. Because the trustee is a plaintiff asserting her own rights as
11          trustee, there is no unexercised right to sue that can be conveyed to the Committee on
            a derivative basis. The trustee is already standing in her own shoes in the adversary
12          proceeding so there are no empty shoes available to provide a basis for derivative
            standing for the Committee.
13

14  389 B.R. at 635-36.  Similarly here, there are no "empty shoes" for Namco to fill, because Wall

15  Street—which is represented by independent counsel—has asserted claims in its own right.

16          To be sure, Plaintiffs can cite cases, including the decision of the Ninth Circuit in *Parmetex*,

17  in which courts have permitted joint prosecution arrangements between the trustee and an individual

18  creditor or committee.  *See, e.g.*, *Parmetex*, 199 F.3d at 1031; *Housecraft*, 310 F.3d at 70-71; *In re*

19  *Adelphia Commc'ns Corp.*, 330 B.R. 364, 373 (Bankr. S.D.N.Y. 2005).  However, in none of these

20  cases were the trustee and the would-be derivative plaintiff creditor *the same individual*.  Allowing

21  the Namco Trustee (and his counsel) to jointly prosecute avoidance claims against Rassol would

22  only exacerbate the conflict of interest faced by the Namco Trustee in simultaneously representing

23  the estates of both Namco and Wall Street.

24          For all the above reasons, the Court should deny Plaintiffs' request for approval of their

25  stipulation to jointly prosecute avoidance claims on behalf of the Wall Street estate.

26          **D.      Plaintiffs Have Alleged No Facts To Support A Preference Claim By Namvar**

27          Apparently recognizing that they are well outside the statutory reachback period for recovery

28  of preferential transfers by Wall Street, Plaintiffs state that the Sixth Claim For Relief for avoidance

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HBDDOCS\780532.1

1    and recovery of an allegedly preferential transfer to Rassol is being asserted solely by the Namvar

2    Trustee on behalf of the Namvar estate.  (Opp. at 4.)  That being the case, the Complaint fails to

3    allege facts sufficient to support such a claim.  As explained in Section A, above, the Complaint

4    alleges only that *Wall Street* transferred to Rassol certain LLC membership interests owned entirely

5    by Wall Street.  The Complaint does not allege that Namvar or the Namvar Family Trust transferred

6    any assset to Rassol.  Based upon these allegations, Rassol has no potential liability to Namvar and

7    Plaintiffs' Sixth Claim for Relief must be dismissed without leave to amend.

8    **E.    Namco and Namvar Lack Standing To Seek Disallowance Of Rassol's Claims
9          Based On Section 502(d)**

10          As explained above, the Namco and Namvar estates hold no avoidance claims against Rassol

11   based upon the allegations of the Complaint.  It therefore follows that they may not seek

12   disallowance of Rassol's claims based upon Rassol's hypothetical liability on claims that they lack

13   standing to assert.  For this reason, Plaintiffs' Seventh Claim For Relief should likewise be

14   dismissed without leave to amend.[5]

15          For all of the above reasons, Rassol requests that this Court grant the relief requested in the

16   Motion and dismiss the claims of the Namco, Namvar and Beshmada trustees, as well as dismiss

17   Plaintiffs' Sixth and Seventh Claims For Relief in their entirety, without leave to amend.

18

19   DATED:  March 10, 2010                    HENNIGAN, BENNETT & DORMAN LLP
                                              Bruce Bennett
20                                            Monika Wiener

21

22                                            By:  */s/ Monika Wiener*
                                                         Monika Wiener
23

24                                            Attorneys for Defendant Rassol, LLC

25

26   _____

27   [5] Plaintiffs' Seventh Claim For Relief references only the proof of claim filed against Namco.  At a
     minimum, the Complaint should be amended to include Plaintiffs' purported objection to the
28   Namvar claim as well.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HBDDOCS\780532.1

| In re:                                                                 | CHAPTER 11                          |
| NAMCO CAPITAL GROUP, INC., a California corporation                     |                                     |
|                                                       Debtor(s).       | CASE NUMBER 2:08-bk-32333-BR        |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. ET AL. VS. RASSOL, LLC | ADV CASE NUMBER: 2:09-AP-03525-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017

A true and correct copy of the foregoing document described <u>REPLY TO JOINT OPPOSITION OF PLAINTIFFS TO MOTION FOR AN ORDER (1) DISMISSING CLAIMS OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, AND BESHMADA LLC; AND (2) DISMISSING PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 10, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   **SEE ATTACHED SERVICE LIST**

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 10, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

   **SEE ATTACHED SERVICE LIST**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 10, 2010 | Kevin Floyd | /s/ Kevin Floyd |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**

| In re:<br>NAMCO CAPITAL GROUP, INC., a California corporation<br><div align="right">Debtor(s).</div>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. ET AL.<br>VS. RASSOL, LLC | CHAPTER 11<br><br>CASE NUMBER 2:08-bk-32333-BR<br><br>ADV CASE NUMBER: 2:09-AP-03525-BR |

## ADDITIONAL SERVICE INFORMATION

## I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):</u>

Alicia Clough - alicia.clough@kayescholer.com
Richard K. Diamond - rdiamond@dgdk.com
Ronald L. Leibow - rleibow@kayescholer.com
David W. Meadows - david@davidwmeadoewslaw.com
Aram Ordubegian - ordubegian.aram@arentfox.com
David M. Poitras - dpoitras@jmbm.com
Uzzi O. Raanan – uor@dgdk.com
United States Trustee (LA) - ustpregion16.1a.ecf@usdoj.gov
Monika S. Wiener – weinerm@hbdlawyers.com

## III.  <u>TO BE SERVED BY PERSONAL DELIVERY:</u>

The Hon. Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                **F 9013-3.1**

HBDDOCS\776435.1