DAVID M. POITRAS P.C. (State Bar No. 141309)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080/Facsimile: (310) 203-0567

Counsel for Bradley D. Sharp, Plaintiff and Chapter 11 Trustee
for Namco Capital Group, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Chapter 11<br><br>Case No.    2:08-bk-32333-BR |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., R. TODD NEILSON, CHAPTER 11 TRUSTEE OF EZRI NAMVAR, WALL STREET MART LP, a California limited partnership, BESHMADA, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RASSOL, LLC, a Delaware limited liability company,<br><br>Defendant. | Adv. Pro. No. 2:09-ap-03525-BR<br><br>**OBJECTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. TO PROPOSED ORDER GRANTING MOTION TO DISMISS OF RASSOL, LLC**<br><br><u>Hearing:</u><br><br>Date:   March 17, 2010<br>Time:   10:00 a.m.<br>Place:  Courtroom "1668"<br>        255 East Temple Street<br>        Los Angeles, California 90012 |

- 1 -

Bradley D. Sharp, the duly qualified and acting chapter 11 trustee ("Namco Trustee") of Namco Capital Group, Inc., a California corporation ("Namco"), hereby files his Objection to the [Proposed] *Order Granting Motion to Dismiss of Defendant Rassol, LLC* (the "Rassol Order"). Attached to this Objection is both a clean and marked proposed alternative order, which proposed alternative order is being lodged concurrently with this Objection (the "Alternative Order"). For the reasons set forth below, the Namco Trustee submits that the Court should enter the Alternative Order and not the Rassol Order.

The Namco Trustee has two issues of contention concerning the Rassol Order.

(1) Paragraph 2 of the Rassol Order provides "To the extent that Plaintiffs request approval of their stipulation to jointly prosecute any of the claims asserted in the Pending Adversary, such request is **DENIED**." Any such provision should make it clear that such denial is **WITHOUT PREJUDICE**. The Alternative Order so provides.

(2) Paragraph 3(b) of the Rassol Order provides that "The First, Second, Third, Fourth, Fifth, Seventh and Eighth Claims for Relief asserted against Rassol by the Namco Trustee in the Pending Adversary are dismissed with prejudice in their entirety, without leave to amend, provided, however, that nothing in this Order shall prevent the Namco Trustee from asserting any claims that are: (i) based upon Namco's alleged status as an unsecured creditor of Wall Street, in the event that the Rassol Fraudulent Transfer Claims are abandoned by Wall Street pursuant to 11 U.S.C. § 554 prior to their adjudication; (ii) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (iii) based upon facts other than those alleged in the Complaint."

As set forth in the Namco Trustee's Opposition to the Motion to Dismiss, as a creditor of Wall Street, Namco has its own direct claims against Rassol pursuant to Sections 3439.04 and 3439.05 of the California Civil Code, and as a consequence thereof, the Rassol Fraudulent Transfer Claims **are not** the sole property of Wall Street as alleged at paragraph D of the Rassol Order. The Namco Trustee does not believe that the Court intended to dismiss the Namco Trustee's fraudulent transfer claims with prejudice in their entirety, without leave to amend. The Namco Trustee believes that the Court simply found that at this point in time, the Namco Trustee does not have standing to pursue the Rassol Fraudulent Transfer Claims. The Namco Trustee does not believe

that the Court intended to permanently bar the Namco Trustee from pursuing such claims. Accordingly, the Rassol Order goes too far wherein it seeks to dismiss the Namco Trustee's fraudulent transfer claims with prejudice in their entirety. Instead, as set forth in the Alternative Order, as to the Namco Trustee, the Rassol Fraudulent Transfer Claims are dismissed based upon a _present_ lack of standing, but such claims are not barred and are otherwise fully preserved in the event a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue such claims.

For the reasons set forth above, the Namco Trustee respectfully submits that the Court should enter the attached Alternative Order and not the Rassol Order and for such other and further relief as the Court may deem just and proper.

Respectfully submitted

Dated: April 6, 2010      JEFFER, MANGELS, BUTLER & MARMARO LLP

By: _/s/ David M. Poitras_
DAVID M. POITRAS P.C.
Counsel for Plaintiff Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group, Inc.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor.<br><br>――――――――――――――――――――<br>BRADLEY D. SHARP, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>RASSOL, LLC., a Delaware limited liability company,<br><br>Defendant. | Case No. 2:08-BK-32333-BR<br><br>CHAPTER 11<br><br><br><br><br><br>Adv. Pro. No. 2:09-ap 03525-BR<br><br>[PROPOSED ALTERNATIVE] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT RASSOL, LLC |

This matter having come before the Court on the "Motion of Rassol, LLC For An Order (1) Dismissing Claims of Bradley D. Sharp, Chapter 11 Trustee Of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee Of Ezri Namvar, And Beshmada, LLC; and (2) Dismissing Plaintiffs' Sixth And Seventh Claims For Relief" ("Motion"), and the Court having (a) reviewed and considered the Motion, the Joint Opposition of Plaintiffs filed in response thereto, and the Reply of Rassol, LLC thereto; and (b) considered the argument of counsel at the hearing held on the Motion on March 17, 2010; and having further reviewed and considered the Declaration of Monika

1  S. Wiener filed in support of the Proposed Order on the Motion submitted by Rassol, LLC as the
2  prevailing party pursuant to Rule 9021-1(b) of this Court's Local Rules, and the objections of
3  Plaintiffs thereto, and the record in the above-captioned adversary proceeding (the "Pending
4  Adversary"), and the Court having determined that the legal and factual bases set forth in the
5  Motion establish just cause for the relief granted herein, the Court **HEREBY FINDS**:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    C.    Plaintiffs in the Pending Adversary are: (1) Bradley D. Sharp, chapter 11 trustee of Namco Capital Group, Inc. (the "Namco Trustee"); (2) R. Todd Neilson, chapter 11 trustee for the estate of Ezri Namvar (the "Namvar Trustee"); (3) chapter 11 debtor in possession Wall Street Mart, L.P. ("Wall Street"); and (4) Beshmada, LLC ("Beshmada," and collectively with the other plaintiffs, "Plaintiffs"). The following table correctly reflects which of the Plaintiffs are asserting each of the causes of action set forth in the Complaint filed on December 23, 2009 in the Pending Adversary:

| | | |
|---|---|---|
| First Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Second Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Third Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Fourth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |
| Fifth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |
| Sixth Claim For Relief | Preferential Transfer Against Rassol (11 U.S.C. §§ 547 and | Namvar Trustee |

JMBM | Jeffer Mangels Butler & Marmaro LLP
PRINTED ON RECYCLED PAPER
6931721v1 6861871v4

2

Exhibit A - 5

| | | |
|---|---|---|
| | 548) | |
| Seventh Claim For Relief | Objection to Allowance of Claim (11 U.S.C. §§ 105, 502, 544, 548, 550 and FRBP 3007, 7001) | Namco Trustee |
| Eighth Claim For Relief | Recovery of Attorneys Fees and Costs And Any Other Appropriate Sanction | All Plaintiffs |

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6931721v1 6861871v1

D.  Unless and until <u>a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue</u> ~~such claims are abandoned by Wall Street prior to their adjudication pursuant to 11 U.S.C. § 554,~~ the First, Second, Third, Fourth, and Fifth<u>, Seventh and Eighth</u> Claims For Relief (collectively, the "Rassol ~~Fraudulent Transfer~~ Claims") ~~are the sole property of the Wall Street bankruptcy estate, and~~ Wall Street is the sole party with standing to assert such claims. As such, the Rassol ~~Fraudulent Transfer~~ Claims should be administered in association with Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR, and not that of Namco Capital Group, Inc., No. 2:08-BK-32333-BR.

E.  Plaintiffs' Sixth Claim For Relief fails to state a claim upon which relief can be granted, because the Complaint does not allege any facts to support the contention that any interest of Namvar in property was transferred to Rassol within one (1) year preceding the filing of the Namvar bankruptcy petition.

~~F.  Plaintiffs' Seventh Claim For Relief fails to state a claim upon which relief can be granted because the Namco Trustee lacks standing to pursue the Rassol Fraudulent Transfer Claims, and therefore also lacks standing to seek disallowance of Rassol's claim based upon the Rassol Fraudulent Transfer Claims pursuant to 11 U.S.C. § 502(d).~~

~~F~~<u>G</u>.  To the extent that the Namco Trustee, the Namvar Trustee, and Beshmada lack standing to pursue any of the claims asserted against Rassol in the Complaint, they also lack standing to pursue attorneys fees or other sanctions against Rassol based upon such claims.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1  The Motion is **GRANTED** and Plaintiffs' objections thereto are **OVERRULED**.

2  To the extent that Plaintiffs request approval of their stipulation to jointly prosecute any of the claims asserted in the Pending Adversary, such request is **DENIED** <u>**WITHOUT PREJUDICE**</u>.

///

///

///

1  ///

2  ///

3      3   The Pending Adversary is hereby **DISMISSED** as follows:

(a) <u>All claims</u> asserted against Rassol by the <u>Namvar Trustee</u> and by <u>Beshmada</u> in the Pending Adversary are <u>dismissed with prejudice in their entirety, without leave to amend</u>, provided, however, that nothing in this Order shall prevent the Namvar Trustee or Beshmada from asserting any claims that they may have against Rassol that are (i) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (ii) based upon facts other than those alleged in the Complaint;

(b) The <u>First, Second, Third, Fourth, Fifth, Seventh, and Eighth Claims For Relief</u> asserted against Rassol by the <u>Namco Trustee</u> in the Pending Adversary are <u>dismissed</u> ~~with prejudice in their entirety,~~ without leave to amend (the "Dismissed Claims"), provided, however, that nothing in this Order shall prevent the Namco Trustee from asserting any claims <u>(including, but not limited to the Dismissed claims)</u> that are: (i) based upon Namco's alleged status as an unsecured creditor of Wall Street, in the event that <u>a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue</u> the Rassol ~~Fraudulent Transfer Claims are abandoned by Wall Street pursuant to 11 U.S.C. § 554 prior to their adjudication~~; (ii) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (iii) based upon facts other than those alleged in the Complaint;

(c) The <u>First, Second, Third, Fourth, Fifth, and Eighth Claims For Relief</u> asserted against Rassol by <u>Wall Street</u> in the Pending Adversary are <u>dismissed without prejudice</u>. Wall Street may, at its election, reassert such Claims in a new adversary complaint to be filed in Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR. Upon filing of the new complaint, Wall Street shall be required to pay the regular filing fee, and any other applicable fees, notwithstanding payment of any fees associated with the original Complaint filed in the Pending Adversary.

**IT IS SO ORDERED**

PRINTED ON
RECYCLED PAPER
6931721v1 ~~6861871v1~~

5

Exhibit A - 8

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>    Debtor.<br>――――――――――――――――――<br>BRADLEY D. SHARP, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>RASSOL, LLC., a Delaware limited liability company,<br><br>    Defendant. | Case No. 2:08-BK-32333-BR<br><br>CHAPTER 11<br><br><br><br>Adv. Pro. No. 2:09-ap 03525-BR<br><br>[PROPOSED ALTERNATIVE] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT RASSOL, LLC |

This matter having come before the Court on the "Motion of Rassol, LLC For An Order (1) Dismissing Claims of Bradley D. Sharp, Chapter 11 Trustee Of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee Of Ezri Namvar, And Beshmada, LLC; and (2) Dismissing Plaintiffs' Sixth And Seventh Claims For Relief" ("Motion"), and the Court having (a) reviewed and considered the Motion, the Joint Opposition of Plaintiffs filed in response thereto, and the Reply of Rassol, LLC thereto; and (b) considered the argument of counsel at the hearing held on the Motion on March 17, 2010; and having further reviewed and considered the Declaration of Monika

1 S. Wiener filed in support of the Proposed Order on the Motion submitted by Rassol, LLC as the prevailing party pursuant to Rule 9021-1(b) of this Court's Local Rules, and the objections of Plaintiffs thereto, and the record in the above-captioned adversary proceeding (the "Pending Adversary"), and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, the Court **HEREBY FINDS**:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Plaintiffs in the Pending Adversary are: (1) Bradley D. Sharp, chapter 11 trustee of Namco Capital Group, Inc. (the "Namco Trustee"); (2) R. Todd Neilson, chapter 11 trustee for the estate of Ezri Namvar (the "Namvar Trustee"); (3) chapter 11 debtor in possession Wall Street Mart, L.P. ("Wall Street"); and (4) Beshmada, LLC ("Beshmada," and collectively with the other plaintiffs, "Plaintiffs"). The following table correctly reflects which of the Plaintiffs are asserting each of the causes of action set forth in the Complaint filed on December 23, 2009 in the Pending Adversary:

| First Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
|---|---|---|
| Second Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Third Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Fourth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |
| Fifth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

| Sixth Claim For Relief | Preferential Transfer Against Rassol (11 U.S.C. §§ 547 and 548) | Namvar Trustee |
|---|---|---|
| Seventh Claim For Relief | Objection to Allowance of Claim (11 U.S.C. §§ 105, 502, 544, 548, 550 and FRBP 3007, 7001) | Namco Trustee |
| Eighth Claim For Relief | Recovery of Attorneys Fees and Costs And Any Other Appropriate Sanction | All Plaintiffs |

D. Unless and until a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue the First, Second, Third, Fourth, Fifth, Seventh and Eighth Claims For Relief (collectively, the "Rassol Claims") Wall Street is the sole party with standing to assert such claims. As such, the Rassol Claims should be administered in association with Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR, and not that of Namco Capital Group, Inc., No. 2:08-BK-32333-BR.

E. Plaintiffs' Sixth Claim For Relief fails to state a claim upon which relief can be granted, because the Complaint does not allege any facts to support the contention that any interest of Namvar in property was transferred to Rassol within one (1) year preceding the filing of the Namvar bankruptcy petition.

F. To the extent that the Namco Trustee, the Namvar Trustee, and Beshmada lack standing to pursue any of the claims asserted against Rassol in the Complaint, they also lack standing to pursue attorneys fees or other sanctions against Rassol based upon such claims.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1    The Motion is **GRANTED** and Plaintiffs' objections thereto are **OVERRULED**.

2    To the extent that Plaintiffs request approval of their stipulation to jointly prosecute any of the claims asserted in the Pending Adversary, such request is **DENIED WITHOUT PREJUDICE.**

///

///

3    The Pending Adversary is hereby **DISMISSED** as follows:

(a) All claims asserted against Rassol by the Namvar Trustee and by Beshmada in the Pending Adversary are dismissed with prejudice in their entirety, without leave to amend, provided, however, that nothing in this Order shall prevent the Namvar Trustee or Beshmada from asserting any claims that they may have against Rassol that are (i) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (ii) based upon facts other than those alleged in the Complaint;

(b) The First, Second, Third, Fourth, Fifth, Seventh, and Eighth Claims For Relief asserted against Rassol by the Namco Trustee in the Pending Adversary are dismissed without leave to amend (the "Dismissed Claims"), provided, however, that nothing in this Order shall prevent the Namco Trustee from asserting any claims (including but not limited to the Dismissed Claims) that are: (i) based upon Namco's alleged status as an unsecured creditor of Wall Street, in the event that a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue the Rassol Claims; (ii) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (iii) based upon facts other than those alleged in the Complaint;

(c) The First, Second, Third, Fourth, Fifth, and Eighth Claims For Relief asserted against Rassol by Wall Street in the Pending Adversary are dismissed without prejudice. Wall Street may, at its election, reassert such Claims in a new adversary complaint to be filed in Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR. Upon filing of the new complaint, Wall Street shall be required to pay the regular filing fee, and any other applicable fees, notwithstanding payment of any fees associated with the original Complaint filed in the Pending Adversary.

**IT IS SO ORDERED**

# # #

PRINTED ON RECYCLED PAPER
6931746v1

| In re:<br>NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s).<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC…<br>vs. RASSOL, LLC, | CHAPTER 11<br><br>CASE NUMBER 2:08-bk-32333-BR<br><br>ADV. NUMBER: 2:09-ap-03525-BR |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067-4308

A true and correct copy of the foregoing document described **OBJECTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. TO PROPOSED ORDER GRANTING MOTION TO DISMISS OF RASSOL, LLC**; will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 6, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On April 6, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 3, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 6, 2010 | Billie Terry | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

- 4 -

F 9013-3.1

| In re:<br>NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s).<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC...<br>vs. RASSOL, LLC, | CHAPTER 11<br><br>CASE NUMBER 2:08-bk-32333-BR<br><br>ADV. NUMBER: 2:09-ap-03525-BR |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Alicia Clough    alicia.clough@kayescholer.com
- Richard K Diamond    rdiamond@dgdk.com
- Ronald L Leibow    rleibow@kayescholer.com
- David W. Meadows    david@davidwmeadowslaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- David M Poitras    dpoitras@jmbm.com
- Uzzi O Raanan    uor@dgdk.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Monika S Wiener    wienerm@hbdlawyers.com

**II. SERVED BY OVERNIGHT MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

- 5 -

F 9013-3.1