| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | DAVID M. POITRAS P.C. (State Bar No. 141309)<br>JEFFER, MANGELS, BUTLER & MARMARO LLP<br>1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, California 90067-4308<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br><br>Counsel for Bradley D. Sharp, Plaintiff and Chapter 11 Trustee<br>for Namco Capital Group, Inc. | FILED & ENTERED<br><br>APR 26 2010<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY fortier    DEPUTY CLERK |

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>    Debtor.<br><br>_____<br><br>BRADLEY D. SHARP, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>RASSOL, LLC., a Delaware limited liability company,<br><br>    Defendant.<br>_____ | Case No. 2:08-BK-32333-BR<br><br>**CHAPTER 11**<br><br><br><br>Adv. Pro. No. 2:09-ap 03525-BR<br><br>**ALTERNATIVE ORDER GRANTING MOTION TO DISMISS OF DEFENDANT RASSOL, LLC** |

This matter having come before the Court on the "Motion of Rassol, LLC For An Order (1) Dismissing Claims of Bradley D. Sharp, Chapter 11 Trustee Of Namco Capital Group, Inc., R. Todd Neilson, Chapter 11 Trustee Of Ezri Namvar, And Beshmada, LLC; and (2) Dismissing Plaintiffs' Sixth And Seventh Claims For Relief" ("Motion"), and the Court having (a) reviewed and considered the Motion, the Joint Opposition of Plaintiffs filed in response thereto, and the Reply of Rassol, LLC thereto; and (b) considered the argument of counsel at the hearing held on the

Case 2:09-ap-03525-BR    Doc 22    Filed 04/26/10    Entered 04/26/10 15:44:37    Desc
Main Document    Page 2 of 8

Motion on March 17, 2010; and having further reviewed and considered the Declaration of Monika S. Wiener filed in support of the Proposed Order on the Motion submitted by Rassol, LLC as the prevailing party pursuant to Rule 9021-1(b) of this Court's Local Rules, and the objections of Plaintiffs thereto, and the record in the above-captioned adversary proceeding (the "Pending Adversary"), and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, the Court **HEREBY FINDS**:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    C.    Plaintiffs in the Pending Adversary are: (1) Bradley D. Sharp, chapter 11 trustee of Namco Capital Group, Inc. (the "Namco Trustee"); (2) R. Todd Neilson, chapter 11 trustee for the estate of Ezri Namvar (the "Namvar Trustee"); (3) chapter 11 debtor in possession Wall Street Mart, L.P. ("Wall Street"); and (4) Beshmada, LLC ("Beshmada," and collectively with the other plaintiffs, "Plaintiffs"). The following table correctly reflects which of the Plaintiffs are asserting each of the causes of action set forth in the Complaint filed on December 23, 2009 in the Pending Adversary:

| | | |
|---|---|---|
| First Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Second Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Third Claim For Relief | Fraudulent Transfer Against Rassol (Section 3439.04(a)(1) of California Civil Code and 11 U.S.C. §§ 544(b) and 550 | All Plaintiffs |
| Fourth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6957567v1

2

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

| | | |
|---|---|---|
| Fifth Claim For Relief | Fraudulent Transfer Against Rassol (11 U.S.C. §§ 548 and 550) | All Plaintiffs |
| Sixth Claim For Relief | Preferential Transfer Against Rassol (11 U.S.C. §§ 547 and 548) | Namvar Trustee |
| Seventh Claim For Relief | Objection to Allowance of Claim (11 U.S.C. §§ 105, 502, 544, 548, 550 and FRBP 3007, 7001) | Namco Trustee |
| Eighth Claim For Relief | Recovery of Attorneys Fees and Costs And Any Other Appropriate Sanction | All Plaintiffs |

D. Unless and until a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue the First, Second, Third, Fourth, Fifth, Seventh and Eighth Claims For Relief (collectively, the "Rassol Claims") Wall Street is the sole party with standing to assert such claims. As such, the Rassol Claims should be administered in association with Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR, and not that of Namco Capital Group, Inc., No. 2:08-BK-32333-BR.

E. Plaintiffs' Sixth Claim For Relief fails to state a claim upon which relief can be granted, because the Complaint does not allege any facts to support the contention that any interest of Namvar in property was transferred to Rassol within one (1) year preceding the filing of the Namvar bankruptcy petition.

F. To the extent that the Namco Trustee, the Namvar Trustee, and Beshmada lack standing to pursue any of the claims asserted against Rassol in the Complaint, they also lack standing to pursue attorneys fees or other sanctions against Rassol based upon such claims.

///

///

6957567v1

3

JMBM Jeffer Mangels Butler & Marmaro LLP

Accordingly, **IT IS HEREBY ORDERED THAT:**

1  The Motion is **GRANTED** and Plaintiffs' objections thereto are **OVERRULED**.

2  To the extent that Plaintiffs request approval of their stipulation to jointly prosecute any of the claims asserted in the Pending Adversary, such request is **DENIED WITHOUT PREJUDICE**.

3  The Pending Adversary is hereby **DISMISSED** as follows:

(a) All claims asserted against Rassol by the Namvar Trustee and by Beshmada in the Pending Adversary are dismissed with prejudice in their entirety, without leave to amend, provided, however, that nothing in this Order shall prevent the Namvar Trustee or Beshmada from asserting any claims that they may have against Rassol that are (i) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (ii) based upon facts other than those alleged in the Complaint;

(b) The First, Second, Third, Fourth, Fifth, Seventh, and Eighth Claims For Relief asserted against Rassol by the Namco Trustee in the Pending Adversary are dismissed without leave to amend (the "Dismissed Claims"), provided, however, that nothing in this Order shall prevent the Namco Trustee from asserting any claims (including but not limited to the Dismissed Claims) that are: (i) based upon Namco's alleged status as an unsecured creditor of Wall Street, in the event that a court of competent jurisdiction determines later that the Namco Trustee has standing to pursue the Rassol Claims; (ii) based upon the facts alleged in paragraphs 43 through 49 of the Complaint; or (iii) based upon facts other than those alleged in the Complaint;

(c) The First, Second, Third, Fourth, Fifth, and Eighth Claims For Relief asserted against Rassol by Wall Street in the Pending Adversary are dismissed without prejudice. Wall Street may, at its election, reassert such Claims in a new adversary complaint to be filed in Wall Street's chapter 11 bankruptcy case, No. 2:09-bk-42717-BR. Upon filing of the new complaint, Wall Street shall be required

PRINTED ON RECYCLED PAPER

6957567v1

4

1   to pay the regular filing fee, and any other applicable fees, notwithstanding payment

2   of any fees associated with the original Complaint filed in the Pending Adversary.

3

4   **IT IS SO ORDERED**

5                                              # # #

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DATED: April 26, 2010

26                                                                              United States Bankruptcy Judge

27

28

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER
6957567v1

| In re: Namco Capital Group, Inc. | Chapter 11 Case Number: 2:08-Bk-32333-Br |
|---|---|
| Debtor(s). | |
| Bradley D. Sharp, et al, vs. Rassol, LLC, a Delaware limited liability company | Adv. Pro. No.: 2:09-ap-03525-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067-4308

A true and correct copy of the foregoing document described ALTERNATIVE **ORDER GRANTING MOTION TO DISMISS OF DEFENDANT RASSOL, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 19, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 19, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 19, 2010 | Billie Terry | /s/ Billie Terry |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              F 9013-3.1

| In re:  Namco Capital Group, Inc. | Chapter 11 Case Number:  2:08-Bk-32333-Br |
|---|---|
| Debtor(s). | |
| Bradley D. Sharp, et al, vs. Rassol, LLC, a Delaware limited liability company | Adv. Pro. No.: 2:09-ap-03525-BR |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**II. SERVED BY OVERNIGHT MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

**II. SERVED BY U.S. MAIL**

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

**III. SERVED BY EMAIL**

| **United States Trustee (LA)**<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017<br>Email:  ustpregion16.la.ecf@usdoj.gov | **Attorneys for R. Todd Neilson,** *Plaintiff and Chapter 11 Trustee for Ezri Namvar*<br>Richard K Diamond, Esq.<br>Uzzi O Raanan, Esq.<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Pk E 3rd Fl<br>Los Angeles, CA 90067-3005<br>Email:  rdiamond@dgdk.com<br>          uor@dgdk.com |
|---|---|
| **Attorneys for Wall Street Mart, L.P., a California limited partnership,** *Plaintiff and Debtor and Debtor in Possession*<br>Aram Ordubegian, Esq.<br>Arent Fox LLP<br>555 W 5th St 48th Fl<br>Los Angeles, CA 90013-1065<br>Email:  ordubegian.aram@arentfox.com | **Beshmada LLC,** *Plaintiff and Alleged Debtor in Involuntary Chapter 7 Case*<br>David W. Meadows, Esq.<br>Law Offices of David W. Meadows<br>1801 Century Park East, Suite 1250<br>Los Angeles, CA 90067<br>Email:  david@davidwmeadowslaw.com |
| **Attorneys for Rassol, LLC,** *Defendant*<br>Ronald L. Leibow, Esq.<br>Alicia Clough, Esq.<br>Kaye Scholer LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067<br>Email:  alicia.clough@kayescholer.com<br>          rleibow@kayescholer.com | **Attorneys for Rassol, LLC,** *Defendant*<br>Monika S Wiener<br>Hennigan Bennett & Dorman LLP<br>865 S Figueroa St Ste 2900<br>Los Angeles, CA 90017<br>Email:  wienerm@hbdlawyers.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                              **F 9013-3.1**

| In re: Namco Capital Group, Inc. | Chapter 11 Case Number: 2:08-Bk-32333-Br |
| --- | --- |
| Debtor(s). | |
| Bradley D. Sharp, et al, vs. Rassol, LLC, a Delaware limited liability company | Adv. Pro. No.: 2:09-ap-03525-BR |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **[PROPOSED ALTERNATIVE] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT RASSOL, LLC** was entered on the date indicated as ○Entered○ on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 19, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Alicia Clough    alicia.clough@kayescholer.com
- Richard K Diamond    rdiamond@dgdk.com
- Ronald L Leibow    rleibow@kayescholer.com
- David W. Meadows    david@davidwmeadowslaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- David M Poitras    dpoitras@jmbm.com
- Uzzi O Raanan    uor@dgdk.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Monika S Wiener    wienerm@hbdlawyers.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ○Entered○ stamp, the party lodging the judgment or order will serve a complete copy bearing an ○Entered○ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                            F 9013-3.1